IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:21cv00049 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| BKJ EXPRESS, LLC and TRANS-TECH AUTO, INC., | ) ) ) | By:   Hon. Thomas T. Cullen            United States District Judge |
| Defendants. | ) ) | |

After a tractor trailer owned and operated by Defendant BKJ Express, LLC ("BKJ") crashed near Harrisonburg, Virginia, the Virginia State Police asked Defendant Trans-Tech Auto, Inc. ("Trans-Tech") to tow the disabled tractor trailer from the scene. Under Virginia law, police officers are authorized to remove vehicles from accident sites to allow traffic to pass. *See* Va. Code Ann. § 46.2-1212 (2021). That statute also provides that, "[i]f the vehicle is removed to a storage area . . ., the owner shall pay to the parties entitled thereto all costs incident to its removal and storage." *Id.*

This case concerns whether Plaintiff United Specialty Insurance Company ("USIC") is required to pay Trans-Tech for the removal and storage of the tractor trailer on behalf of its insured, BKJ. USIC contends that its insurance policy with BKJ does not cover Trans-Tech's towing fees, and seeks a declaratory judgment from this court affirming its position. Trans-Tech disagrees, and BKJ is silent on the issue. For the reasons discussed below, the court will not wade into this towing-fee dispute at this time, and will instead exercise its discretion under the Declaratory Judgment Act to decline jurisdiction.

### I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

At this stage, the facts are taken from USIC's complaint and are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 13, 2020, a BKJ-owned tractor trailer was involved in a single-vehicle accident on I-81 North in Harrisonburg. (Compl. ¶ 18 [ECF No. 1].) According to a complaint filed in Virginia state court by Trans-Tech against BKJ, "[p]ursuant to Virginia Code § 46.2-1212, the Virginia State Police contacted Trans-Tech and ordered the removal of the cab and trailer." (*Id.* Ex. A ¶ 8.) Trans-Tech removed the vehicle, still loaded with cargo, to its facility in Rockingham County, Virginia. (*Id.* Ex. A ¶ 9.) Since the accident, Trans-Tech has stored the tractor trailer at a cost of $205/day—$90 for the tractor and $115 for the trailer. (*Id.* Ex. A ¶ 10–11.)

At the time of the accident, BKJ was covered by an insurance policy issued by USIC ("the policy"). The policy "was issued and delivered to BKJ at its address in Augusta, Georgia." (*Id.* ¶ 2.)

In January 2021, Trans-Tech served BKJ with a demand for payment for the costs it had incurred in recovering, towing, and storing the tractor trailer. (*See id.* Ex. C.) Trans-Tech sent a copy of the demand to USIC as well, even though BKJ never filed an insurance claim with USIC related to Trans-Tech's claims. (*Id.* ¶¶ 3–4.) Nevertheless, USIC responded to the demand letter, advising Trans-Tech of its position that its policy with BKJ "does not provide coverage for the recovery, removal, towing, or storage of the vehicle or cargo, or any cleanup not directly related to hazardous material." (*Id.* Ex. D.)

On or about March 8, 2021, Trans-Tech sued BKJ in Rockingham County Circuit Court "to recover fees incurred by Trans-Tech related to the recover[y], tow[ing], and storage of a tractor trailer owned and operated by BKJ." (*Id.* Ex. A.) USIC "is providing BKJ with a defense to the [state-court action] subject to a complete reservation of rights to deny coverage." (*Id.* ¶ 3.)

On April 21, 2021, in an effort to clarify its obligation to Trans-Tech under the policy, USIC first filed a declaratory judgment action in the United States District Court for the Southern District of Georgia. *See United Specialty Ins. Co. v. BKJ Express, LLC and Trans-Tech Auto, Inc.*, No. 1:21-cv-00069 (S.D. Ga. Apr. 21, 2021). USIC voluntarily dismissed that action, with prejudice, on July 1.

On May 17, 2021, while the Georgia declaratory judgment action was still pending, Trans-Tech filed a motion for leave to amend its state-court action to add USIC as a defendant and seek a declaratory judgment to determine the scope of USIC's liability to provide coverage to BKJ for Trans-Tech's claims. (*See* Mem. in Supp. of Def.'s Mot. to Dismiss pg. 3, Aug. 3, 2021 [ECF No. 10], hereinafter "Def.'s Mem."; Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss pg. 3, Aug. 31, 2021 [ECF No. 15].) That motion remains pending in the state court.

Then, on July 2, 2021, the day after it dismissed its declaratory judgment action in the Southern District of Georgia, USIC filed the present action in this court "to determine the rights and obligations as between" USIC, BKJ, and Trans-Tech under the policy "with respect to a demand from Trans-Tech for reimbursement of payments made for towing and storage resulting from" the January 2020 accident. (Compl. ¶ 1.) Trans-Tech filed a motion to dismiss, arguing that the court lack subject matter jurisdiction or, in the alternative, that the court

should decline jurisdiction under the Declaratory Judgment Action. Although BKJ was served on July 12, 2021 (*see* ECF No. 6), it has not responded to the complaint or the motion to dismiss. USIC and Trans-Tech have fully briefed the issues and, following review of their pleadings, arguments, and the applicable law, the matter is ripe for disposition.[1]

## II. STANDARD OF REVIEW

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Little v. Stock Bldg. Supply, LLC*, No. 4:10cv129, 2011 WL 5146176, at *3 (E.D.N.C. Sept. 2, 2011) (quoting *Richmond*, 945 F.2d at 768).

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's

---

[1] The court originally set oral argument on the motion, but following review of the parties' briefs, the court determined that oral argument would not aid in the decision-making process. (*See* ECF No. 20.)

allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

### III.    DISCUSSION

The Declaratory Judgment Act ("DJA") empowers district courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But a district court's exercise of jurisdiction over declaratory judgment actions is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

To be sure, "a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quotation omitted). When a related state-court proceeding is pending, however, the district court must weigh its ability to provide clarity to the parties against "considerations of federalism, efficiency, and comity." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297

(4th Cir. 2005) (quotation omitted). The Fourth Circuit directs district courts to evaluate those considerations using four factors:

> (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 202 (4th Cir. 2019). While this discretion is broad, a "court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004).

Trans-Tech makes three arguments for dismissal of this declaratory judgment action. First, Trans-Tech contends that because there is no "amount in controversy," there is no subject matter jurisdiction. *See* 28 U.S.C. § 1332(a); Fed. R. Civ. P. 12(b)(1). Second, Trans-Tech contends that USIC's declaratory judgment action represents impermissible forum shopping, and the court should decline jurisdiction under the DJA on that basis. Third, Trans-Tech argues that, because USIC dismissed its prior declaratory judgment action with prejudice, this case is now barred under the doctrine of *res judicata*. Although the court finds no merit in Trans-Tech's first argument, the court is persuaded by the second.[2]

A. *Subject Matter Jurisdiction*

Trans-Tech argues that "[t]his court lacks jurisdiction because there is no federal question and no amount in controversy." (Def.'s Mem. pg. 4.) Trans-Tech is wrong.

---

[2] Accordingly, the court will not address Trans-Tech's *res judicata* argument.

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Here, the parties are diverse, so the only disputed prerequisite for subject matter jurisdiction is the amount-in-controversy requirement.

The Supreme Court has established that, in declaratory judgment actions, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n.*, 432 U.S. 333, 347 (1997). Regarding actions for declaratory relief, "the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend." Arthur R. Miller, 14AA Fed. Prac. & Proc. Juris. § 3708 (4th ed. 2021) (collecting cases). That makes the appropriate value for the court to consider "the value of the consequences which may result from the litigation." *M.C. Constr. Corp. v. Gray Co.*, 17 F. Supp. 2d 541 (W.D. Va. 1998).

The Fourth Circuit applies the "either-party rule" when assessing the amount in controversy related to a declaratory judgment action. *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002); *Goff v. Caliber Home Loans, Inc.,* No. 20-2038, 2020 WL 6204299, at *10 (D. Md. 2020). The presiding court may properly consider either the value of the right to the plaintiff, the cost to the defendant, or both to determine whether the amount in controversy threshold has been satisfied. *See Nationwide Mutual Ins. Co. v. Nobles*, No. 7:20-CV-87, 2020 WL 6173545, at *2 (E.D.N.C. 2020). The larger of the sought-after relief's worth to the plaintiff or cost to the defendant controls. *See JTH Tax, Inc. v. Frashier,* 624 F.3d 635, 639 (4th Cir. 2010); *Thomas v. Thomas,* No. 5:19-CV-460, 2020 WL 417482, at *2 (E.D.N.C. 2020). Generally, courts should accept a plaintiff's jurisdictional amount allegation unless it appears, "to a legal certainty, that

the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). "[U]nless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan v. Cahill,* 58 F.3d 106, 112 (4th Cir. 1995).

Here, USIC seeks a declaration that it does not have an obligation to defend or indemnify BKJ for any claims asserted by Trans-Tech against BKJ in the state-court action. Trans-Tech seeks *at least* $110,625.63 in damages from BKJ in that action. (Compl. ¶ 21.) USIC argues its declaratory judgment action satisfies the amount in controversy requirement because it is seeking more than $75,000 in damages.

Trans-Tech maintains the amount in controversy requirement is not satisfied because the pecuniary impact on USIC of granting or denying the requested declaratory relief would be zero dollars. This is because, according to Trans-Tech, the relief USIC seeks is a declaration that it has no obligation to defend BKJ, while denying the relief would only mean that USIC *may* be liable to cover BKJ's damages—subject, of course, to a finding in the related state-court action that BKJ owes what Trans-Tech claims. Trans-Tech further reasons that, even if the court rules USIC is responsible under the policy, USIC has failed to meet its burden of proof in showing that its expected expenses to defend BKJ would exceed $75,000.

The object of the declaratory relief sought in this case is a determination that USIC does not have an obligation to defend or indemnify BKJ in the state court action. The value of a declaration may include "a right to indemnification or a duty to defend." Miller, *supra,* at § 3708. Looking then to "the value of the consequences which *may* result from the litigation," *M.C. Constr. Corp.,* 17 F. Supp. at 541 (emphasis added), if the court were to deny USIC's

request for declaratory relief, USIC may be liable to indemnify BKJ for a $110,625.63 damages award. Therefore, "the value of the right to the plaintiff" exceeds $75,000. *See Dixon*, 290 F.3d at 710. Even if USIC does not ultimately have to indemnify BKJ for the full sought-after amount and/or its expenses in defending BKJ do not exceed $75,000, USIC has alleged a jurisdictional amount satisfying the requirement, and it does not appear to be a "legal certainty" that USIC is incorrect. *See St. Paul Mercury Indem. Co.,* 303 U.S. at 289. Therefore, "the district court has jurisdiction over the case." *Shanaghan,* 58 F.3d at 112

    B.  *Discretionary Jurisdiction*

In determining whether to exercise jurisdiction under the DJA, the court must consider the state's interest in having its court adjudicate the dispute, efficiency, the potential for entanglement between the proceedings, and whether the plaintiff is forum shopping. *See Trustgard Ins. Co.*, 942 F.3d at 202. Here, the analysis favors declining jurisdiction.

First, Virginia has no significant interest in deciding how an insurance contract is interpreted under Georgia law, but Virginia *does* have a substantial interest in ensuring that businesses that incur costs complying with its laws are made whole. *See* Va. Code Ann. § 46.2-1212 (permitting the towing and storage of a vehicle involved in an accident and stating that, "[i]f the vehicle is removed to a storage area . . . the owner shall pay to the parties entitled thereto all costs incidental to its removal and storage"). Whether that restitution comes from BKJ or USIC is immaterial, but Virginia's interest in the seeing that it be done is strong.

As to the second factor, the state court is just as capable of applying Georgia law as this court, so comparative expertise favors neither party. But the underlying action is already pending in state court, so requiring the parties to litigate in two courts simultaneously increases

the costs and burdens on all involved. Accordingly, it is more efficient to litigate USIC's claim in a single forum where the parties are already actively litigating.

Third, there is a strong potential "for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law." *Trustgard Ins. Co.*, 942 F.3d at 202. As stated, there is already pending a motion to amend the state-court action to include a declaratory judgment claim. This raises the possibility of inconsistent interpretations and judgments, which might result in confusion and undermine judicial comity.

And finally, the court is concerned that USIC is "forum shopping" by dismissing its declaratory judgment action in Georgia, refusing to consent to the amendment in state court, and filling the present complaint. "Although an 'uncertain party' may file a declaratory judgment action 'to gain relief from the insecurity caused by a potential suit waiting in the wings,' *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998), "there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgement action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse," *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001) (per curiam) (citing *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). *See also MCCOA, LLC v. Retail Serv. Sys., Inc.*, No. 7:17cv00505, 2018 WL 662507, at *2 (W.D. Va. Feb. 1, 2018). Under those circumstances, "[i]t is appropriate for a federal district court to decline jurisdiction over a declaratory judgment action." *Yoder v. Heinold Commodities, Inc.*, 630 F. Supp. 756, 760 (E.D. Va. 1986).

Such is the case here. This action represents USIC's *second* attempt to secure a declaratory judgment in federal court *after* suit against its insured had been instituted *and* while it was defending its insured in that very action. It is apparent that USIC is too eager have a federal court decide the routine issues it raises. This type of forum shopping is disfavored under the DJA and, accordingly, the court will decline jurisdiction.

## IV.   CONCLUSION

Although this court has subject matter jurisdiction over USIC's declaratory judgment action, the court will decline to exercise it. Trans-Tech's motion to dismiss will be granted without prejudice to USIC's right to refile pending further developments in state court.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 3rd day of January, 2022.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE